## GRINDLEY v. SANTA CRUZ COUNTY.

### No. 8170; June 18, 1884.

4 Pac. 390.

County Supervisors—Contract With Physician—Discharge.—In an action by a physician to recover damages for breach of contract made with him by the supervisors of a county, held, that defendant was not, on the facts recited in opinion, justified in discharging plaintiff previous to the expiration of the time for which he had been employed to perform the service.[1]

APPEAL from the Superior Court of Santa Cruz County.

F. I. McCann for appellant; W. D. Storey and Z. N. Goldsby for respondent.

THORNTON, J.—Action by a physician to recover damages for breach of contract made with him by the supervisors of Santa Cruz county.

The court rendered the following decision:

" (1) That on the sixth day of October, 1879, the defendant employed plaintiff as county physician for the period of one year thereafter from that date, and to pay him therefor monthly the sum of thirty-seven dollars.

" (2) That, at the time of said contract, the plaintiff was a regularly graduated physician and surgeon, holding a diploma, authorizing him to practice medicine and surgery, from the Jefferson Medical College, of the state of Pennsylvania, dated on the 15th of March, A. D. 1865.

" (3) That, at the time of said contract, the plaintiff held a certificate from the Medical Society of the State of California, showing his right and authorizing him to practice medicine and surgery in any part of this state.

" (4) That the board of supervisors of the defendant, at the time of entering into the contract, personally handled and examined both the diploma of the plaintiff and his certificate to practice medicine and surgery in this state.

---

1 Cited and approved in People v. Wheeler, 136 Cal. 654, 69 Pac. 436, holding that a county physician's term of office cannot be abridged through removal by the board of supervisors.

"(5) Plaintiff, on the third day of January, A. D. 1879, filed with the recorder of said county, and caused to be recorded, his said certificate to practice medicine and surgery in this state.

"(6) Under the contract aforesaid, the plaintiff on the same day, the 6th of October, 1879, entered upon the performance of his duties, and attended to all the indigent sick persons of said county, and attended daily at the hospital of said county, between the hours of 9 o'clock and 11 o'clock A. M. of each day, up to the eighteenth day of January, 1880, when, and on which day, the steward of the said hospital, by order of the board of supervisors of defendant, prevented the plaintiff from visiting the sick wards of said hospital, or from attending upon the indigent sick persons of said county.

"(7) On the eighteenth day of January, A. D. 1880, the defendant prevented the plaintiff from completing or from further continuing the contract, or performing his part to be performed under it.

"(8) The duties of the plaintiff under the said contract consisted in visiting the indigent sick of said county, and prescribing such treatment, medicines, and attention as might be necessary.

"(9) It was the practice of plaintiff to go to the office of the said hospital in the forenoon of each day, generally about 10 o'clock, and attend to such patients as applied to him at said office for treatment, and that he did not go into the wards of said hospital, or seek the patients, to ascertain if they needed treatment; that some of said patients were confined to their wards, and were unable to go to said office; that this mode of treatment was not a compliance with the duties of said plaintiff as county physician.

"(10) No rules or regulations have ever been made by defendant's board of supervisors for the hospital or jail of said county, or for the guidance or direction of plaintiff.

"(11) The plaintiff, at the time of entering into the contract, was engaged in the practice of medicine and surgery in the said county of Santa Cruz, and the performance of the contract with defendant subjected him to no additional expense.

"(12) Very soon after the entry by plaintiff upon the discharge of his said duties, a contest arose between himself

and said steward in regard to their respective powers and duties—the plaintiff claiming general authority over said hospital, and the regulation and supervision of the conduct, diet, and exercise of the patients, and that in all respects he had assumed full and exclusive management of the said hospital; that the board of supervisors of said county, after an investigation of the said matters, did, on the seventeenth day of January, 1880, by an order on the minutes of said board, discharge the plaintiff from further attendance upon the indigent sick persons of said county, residents therein, and remove him from said position of county physician.

"(13) That the plaintiff, on the thirty-first day of January, 1880, made out, in writing, a claim against the defendant for his services under said contract, in the usual form of accounts against said county, stating therein the items of his claim, and made oath thereto before the clerk of said county that the same was correct, and that no part thereof had been paid or allowed; that the amount named in said account was fully done; and that the same had not been theretofore presented to or rejected by said board; which oath was subscribed by plaintiff and certified by said clerk, in writing, upon said account, and delivered the said account so verified to the clerk of said board of supervisors, and the same was filed and presented to said board, and by it considered and disallowed on the third day of February, 1880.

"(14) No opportunity has, up to this time, been presented to plaintiff to engage in the same kind of service, or duties to be performed by him under said contract.

"(15) Plaintiff has been, since his discharge, ready and willing to continue and complete the duties on his part to be performed under said contract, and is still ready and willing to complete the same.

"(16) On the third day of February, 1880, the board of supervisors of defendant, by an order regularly made upon their minutes, appointed another and different person to the duties, for the unexpired term of one year, to wit, until the sixth day of October, 1881, which the plaintiff had contracted to perform, and was, as aforesaid, prevented from performing.

"(17) The amount of money to which plaintiff would be entitled on the completion of his contract, and yet unpaid to him, is the sum of three hundred and thirty-three ($333) dollars.

"(18) The amount of damage suffered, and necessarily to be suffered, by plaintiff, by reason of the action of the defendant in preventing the completion of said contract, is the sum of three hundred and thirty-three dollars."

### CONCLUSIONS OF LAW.

"That the interests of the indigent sick of said county in said hospital demanded the removal of said plaintiff from the position of physician of said hospital, and that the board of supervisors of said county, in the removal of said plaintiff from said position, was in the exercise of a lawful authority of said board, exercised in a lawful manner. Let judgment be entered for defendant for its costs in this action."

The contract of plaintiff and defendant was a valid contract. If plaintiff performed the duties required of him by the contract, and incumbent upon him as physician of the hospital, the defendant had no right to discharge him during the period embraced in it. The findings in relation to the plaintiff's performance are not clear. It is not distinctly found that he did not perform such duties. The sixth finding states that he did perform them. The finding (ninth) that he did not go into the wards of the hospital, seek the patients there confined, who were unable to go to the office, where it was his practice to meet them and prescribe for them, is not clearly inconsistent with the finding that he did perform the duties required of him, for it does not appear by the facts found that his attendance on them in the wards was necessary. It may have been that it was not necessary. Though these patients were confined to the wards, it might not have been requisite that he should have gone there. They may not have required his attendance at all; and this might have been well known to the plaintiff. These findings, however, are not clear and definite.

For what reason the defendant discharged the plaintiff does not appear. We cannot perceive, as a matter of law, that the controversy between plaintiff and the steward of the hospital justified the board of supervisors in discharging him. The plaintiff may have been in the right in this matter. Nothing is found from which we can infer in law that the claim made by plaintiff was not just and proper. The facts should have been found from which the court might be able to draw the legal conclusion that plaintiff was in the wrong

and was acting outside of the line of his duty. It does not appear from the finding (twelfth) that plaintiff did anything beyond making a claim as to the extent of his powers. This may have arisen from an honest error of judgment on his part. It does not appear that he performed any act beyond what he was authorized as physician of the hospital, or that he exceeded his authority in any way. This controversy, we think, might have been adjusted by the board of supervisors, and the scope, extent and limits of the authority of the contending officers defined by the board. The claim of authority by the plaintiff might have been honestly made, and we cannot see how such claim, honestly made, should have subjected him to be discharged by the board from its employment under the contract, and prevented by it from the performance of its requirements. No sufficient reason is given for such discharge and prevention in the findings or conclusions of law. The general reasons given for such discharge or removal, in the conclusions of law, are not sufficient. The ground on which such discharge, removal and prevention was made should have been especially found, so that the court could perceive, as a matter of law, that such action of the board was justified by law. It must be remembered that the plaintiff was in the discharge of his duties under a lawful contract for a specific period, and as long as he complied with his contract and with the law governing his relations to the county as its employee and contractee, the board had no authority to discharge or remove him from his position, or prevent him from performing the duties incumbent on him.

According to the eighteenth finding, the plaintiff had suffered damage by reason of the action of defendant in the sum of three hundred and thirty-three dollars; yet the judgment is for defendant, and costs are adjudged to it. This is a non sequitur. We cannot see that such a judgment can be rendered while this finding stands.

We find no other error in the record injurious to the plaintiff.

The judgment must be reversed, and, owing to the ambiguity and indefiniteness of the findings, the cause will be remanded for a new trial, to be had in accordance with the views herein expressed.

We concur: Sharpstein, J.; Myrick, J.